IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROGER BULLOCK,**

        *Plaintiff*,

*v.*           CAUSE NO. 3:23-CV-55-CWR-FKB

**REVELL ENTERPRISES, LLC**,

        *Defendant*.

## ORDER

Before the Court is the defendant's motion to dismiss. Docket No. 12. On review, the motion will be denied.

**I.    Factual and Procedural History**

In January 2023, Roger Bullock filed this suit in this Court against D and A Interest, LLC, the purported owner of an ACE Hardware store in Madison, Mississippi. He claimed that in August 2022, his visit to the store revealed inaccessible features in violation of the Americans with Disabilities Act.

D and A moved to dismiss. It claimed that it sold the store in October 2022. It also moved for sanctions.

One week later, Bullock filed his Amended Complaint. He replaced D and A with the hardware store's new owner—Revell Enterprises, LLC—and repeated his factual allegations about his August 2022 visit.

Now before the Court is Revell's motion to dismiss. It argues that the case should be dismissed for two reasons. First, it says, Bullock hasn't suffered any injuries at *its* hands, and

any injuries he once had are now moot, because Revell fixed the ADA problems after it purchased the property in October 2022. Second, it claims that Bullock's Amended Complaint violates Federal Rule of Civil Procedure 15 because it was filed without leave of court.

In response, Bullock disagrees with the notion that Revell has ameliorated its ADA accessibility issues, and says the Rules permitted his amendment.

**II.    Law**

To establish subject matter jurisdiction in federal court, "the plaintiff must have suffered an injury in fact—a concrete and imminent harm to a legally protected interest, like property or money—that is fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." *Biden v. Nebraska*, No. 22-506, 2023 WL 4277210, at *6 (U.S. June 30, 2023) (citation omitted). In certain civil rights claims, we have just learned, a plaintiff can establish subject matter jurisdiction merely by expressing "worries" about the defendant's future course of conduct. *303 Creative LLC v. Elenis*, No. 21-476, 2023 WL 4277208, at *4 (U.S. June 30, 2023).

"Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). In this Circuit, the "general rule" is that "[r]esolution of the jurisdictional issue on a 12(b)(1) motion is improper where the jurisdictional attack is intertwined with the merits of a claim." *Pickett v. Texas Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022) (cleaned up).

### III. Discussion

#### A. Amendment

Revell's procedural argument lacks merit. Under Rule 15, "[a] party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1). That is exactly what happened here. Bullock amended his complaint within 21 days of receiving a Rule 12(b) motion.

Contrary to what Revell argues, amendments are not limited to simply adding claims or amending the allegations made. Parties may be added. *See Bibbs v. Early*, 541 F.3d 267, 274 n.39 (5th Cir. 2008) (citation omitted). There was no defect in Bullock's course of conduct.

#### B. Subject Matter Jurisdiction

Revell's motion to dismiss for lack of subject matter jurisdiction also fails to persuade. The jurisdictional issue presented here asks whether there are still ADA violations at Revell's Madison, Mississippi store. That is impossibly intertwined with the merits of Bullock's ADA claim; in truth, it is the entirety of the merits of Bullock's ADA claim. As such, it must await adjudication at the summary-judgment stage or, perhaps, at a trial.

### IV. Conclusion

The motion is denied.

**SO ORDERED**, this the 5th day of July, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE