IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**ROGER BULLOCK,**

        *Plaintiff*,

v.                                                Cause No. 3:23-CV-55-CWR-FKB

**REVELL ENTERPRISES, LLC,**

        *Defendant*.

## ORDER

Before the Court is the defendant's motion for reconsideration. Docket No. 20. After reviewing the arguments, record, and applicable law, the motion will be denied.

**I.    Factual and Procedural History**

Plaintiff Roger Bullock is a Mississippian who uses a wheelchair for mobility purposes. Defendant Revell Enterprises, LLC owns an ACE Hardware store in Madison, Mississippi. In this case, the plaintiff alleges that the defendant's store is not in compliance with the Americans with Disabilities Act (ADA). Docket No. 7. He commenced this suit seeking physical alterations to the property, attorney's fees, and other relief. *Id.* at 16-17.

After receiving the summons and amended complaint, the defendant filed a motion to dismiss for lack of subject matter jurisdiction. Docket No. 12. It principally argued that the plaintiff's grievances were moot, as it had "spent approximately a quarter million dollars on renovations." Docket No. 13 at 2. It attached to its motion several photographs purporting to show changes that rendered the property ADA-compliant. Docket No. 12-2 at 3-10.

The plaintiff disagreed. He argued that his allegations "must be taken as true" at this early stage of the case. Docket No. 15 at 4. He claimed that the defendant's evidence was inadmissible. *Id.* And he attached the report of an expert he hired to review the defendant's photographs. *Id.* at 8. The expert concluded that the photos "do not clearly indicate [ADA] compliance due to the lack of tools used and that are accepted." Docket No. 15-1 at 5.

On July 5, 2023, this Court denied the defendant's motion to dismiss. Docket No. 19. The defendant's arguments could not prevail given the Fifth Circuit's "general rule" that "[r]esolution of [a] jurisdictional issue on a 12(b)(1) motion is improper where the jurisdictional attack is intertwined with the merits of a claim." *Pickett v. Tex. Tech Univ. Health Scis. Ctr.*, 37 F.4th 1013, 1019 (5th Cir. 2022) (cleaned up).

The next week, the defendant filed the present motion. It seeks reconsideration or, in the alternative, certification of the issue for immediate interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Docket No. 20. The crux of the defendant's argument is that this Court misapplied a recent U.S. Supreme Court decision called *303 Creative LLC v. Elenis*. *Id.* at 6-7.

## II.     Legal Standards

### A.     Reconsideration

"Under Rule 54(b), the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quotation marks and citation omitted). This discretion "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *S. Snow Mfg. Co. v. SnoWizard Holdings, Inc.*, 921 F. Supp. 2d 548, 564-65 (E.D. La. 2013) (citation omitted).

B.     **Section 1292(b) Certification**

A court may certify an interlocutory appeal under § 1292(b) if "(1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007).

> The basic rule of appellate jurisdiction restricts review to final judgments, avoiding the delay and extra effort of piecemeal appeals. Section 1292(b) appeals are exceptional. They are permitted only when there is a substantial difference of opinion about a controlling question of law and the resolution of that question will materially advance, not retard, ultimate termination of the litigation.

*Clark-Dietz & Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) (denying leave to appeal). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment of liability." *Id.* at 68 (citation omitted).

"The moving party bears the burden of demonstrating that interlocutory appeal is appropriate." *Handshoe v. Perret*, No. 1:15-CV-382-HSO-JCG, 2018 WL 3494271, at *2 (S.D. Miss. Apr. 17, 2018) (citation omitted).

III.   **Discussion**

The analysis begins with the defendant's arguments for reconsideration, then turns to the defendant's alternative request for § 1292(b) certification.

A.     **Reconsideration**

Part II of the July 5 Order recited jurisdictional authorities. It started by quoting the Supreme Court's latest standing decisions—issued just five days before—including the general rule that a plaintiff has standing when she demonstrates "an injury in fact . . . that is fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." Docket

3

No. 19 at 2 (quoting *Biden v. Nebraska*, No. 22-506, 2023 WL 4277210, at *6 (U.S. June 30, 2023)). The Order then cited another Supreme Court decision released that same day, in which the Justices held that some plaintiffs have standing to be in federal court when they express "worries" about the defendant's future course of conduct. *Id.* (quoting *303 Creative LLC v. Elenis*, No. 21-476, 2023 WL 4277208, at *4 (U.S. June 30, 2023)). This Part of the Order then quoted the leading Fifth Circuit case telling district courts *where* they may find evidence of subject matter jurisdiction. *Id. (*citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). The Part concluded by quoting the Fifth Circuit's *Pickett* decision, which again articulated the "general rule" that "[r]esolution of [a] jurisdictional issue on a 12(b)(1) motion is improper where the jurisdictional attack is intertwined with the merits of a claim." *Id.*

As the Order explained on the next page, this fourth and final case was the most important to the defendant's motion to dismiss. *Id.* at 3. Under the general rule articulated in *Pickett*, it would be "improper" to adjudicate the defendant's jurisdictional attack at this early stage, because the alleged jurisdictional defect "was impossibly intertwined with the merits of [the plaintiff's] ADA claim." *Id.*

The defendant's present motion spends pages claiming that this Court misapplied *303 Creative*. *E.g.*, Docket No. 21 at 3 and 6-7. As the above discussion demonstrates, though, the defendant's motion was denied not because of an application or misapplication of *303 Creative*, but because of the Fifth Circuit's decision in *Pickett v. Texas Tech*. And, tellingly, the defendant's motion for reconsideration does not argue that the Court misapplied *Pickett*. The motion for reconsideration doesn't even cite the case.

Understandably, the defendant does not want to be stuck litigating this ADA compliance lawsuit. It says it has already fixed the problems. *E.g.*, Docket No. 13 at 4. Maybe

4

the defendant is correct. Maybe the plaintiff's alleged injuries have been remediated. But the defendant's line of argument, cloaked in jurisdictional language as it is, is also an attack on the merits of the plaintiff's ADA claim. And under *Pickett v. Texas Tech*, that convergence means it is literally "improper" for the Court to adjudicate the argument at this early stage.

Accordingly, the motion for reconsideration is denied.

### B. Section 1292(b) Certification

The above reasons explain why the Court's July 5 Order did not err. In addition, though, § 1292(b) certification is not warranted. There is no "controlling question of law" presented, much less "substantial ground for difference of opinion about the question of law." *Rico*, 481 F.3d at 238. And there certainly is nothing "exceptional" about this garden-variety application of Fifth Circuit precedent. *Clark-Dietz*, 702 F.2d at 69.

### IV. Conclusion

The defendant's motion is denied.

**SO ORDERED**, this the 14th day of November, 2023.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE